## ADAMS & COMMISSIONG LLP

ATTORNEYS AT LAW

| | |
|---|---|
| 65 BROADWAY SUITE 715 | MARTIN E. ADAMS |
| NEW YORK, NY 10006 | KARLOFF C. COMMISSIONG |
| TEL: 212-430-6590 | ADMITTED TO PRACTICE IN NEW YORK |
| FAX: 212-981-3305 | WWW.AMCMLAW.COM |

September 6, 2016

**VIA ECF**

Honorable Kenneth M. Karas
The Hon. Charles L. Brieant, Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:  <u>Roquan Harris v. City of Newburgh , et al.</u>, 16 Civ. 02731 (KMK)

Dear Judge Karas:

I am counsel for the plaintiff Roquan Harris.  I write in opposition to the defendant City of Newburgh's letter requesting a pre-motion conference for the purpose of obtaining the Court's permission to file a motion to dismiss plaintiff's Conspiracy Claim and Monell Claim.  Plaintiff requests that the court deny plaintiff's request, or in the alternative, the plaintiff be allowed to amend his complaint.

**Plaintiff's Claims**

At the heart of the matter is plaintiff's allegation that City of Newburgh Police Officers committed excessive force on plaintiff, by kicking him, hitting him punching him, standing on his legs and utilizing a "Tazer" on plaintiff while he was handcuffed.

**A.    Conspiracy Claim**

Defendants assert that there can be no conspiracy under 1983 to violate plaintiff's civil rights when all the alleged conspirators are in the same employ and the conduct alleged to form the conspiracy was performed within the scope of their employment.  But, there is a "personal interest" or "personal stake" exception however to the intracorporate conspiracy doctrine, which permits a conspiracy claim where there are individuals who are "motivated by an independent personal stake in achieving the corporation's objective." <u>Girard v. 94th St. & Fifth Ave,</u> Corp 530 F.2d at 72; see, e.g., <u>Roniger v. McCall,</u> 22 F.Supp.2d 156, (S.D.N.Y.2000) (defendant had " 'personal stake' in being reelected [to political office], and in downplaying his compromised political independence"); <u>Rini v. Zwirn,</u> 886 F.Supp. 270, (E.D.N.Y.1995) (where "[n]one of the allegations regarding [a town employee] pertain[ed] to his duties as an employee of the Town," that town employee acted as an individual in conspiring with other town employees); <u>Yeadon v. New York City Transit Auth.,</u> 719 F.Supp. 204, (S.D.N.Y.1989) (police officers who engaged in race-based false arrests in order to "improve their arrest records in order to secure promotions and other benefits" had "independent, conspiratorial purpose").

In the instant case, the individual officers had an independent conspiratorial purpose. The defendant police officers knowingly made false statements, signed false reports and documents falsely accusing plaintiff of resisting arrest. The officers prepared these documents and made these false reports to justify their excessive force against plaintiff, to avoid potential disciplinary action and to thwart plaintiff's attempts at recovering from a potential lawsuit.

**B.    Monell Claim**

"To satisfy the simplified notice pleading standard of Fed. R. Civ. P. 8, the complaint must merely give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., No. 01 CV 11502, 2004 WL 2813121, (S.D.N.Y. Dec. 8, 2004) (citing Swiekiewicz v. Sorema N.A., 534 U.S. 506 (2002)). Further, "Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is not meant to impose a great burden upon a plaintiff." Valenzuela v. Riverbay Corp., No. 06 Civ. 903 (DLC), 2007 WL 414487, (S.D.N.Y. Jan. 31, 2007). ("Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (internal citations omitted).)

In the instant matter, the complaint gives each defendant fair notice of the allegations and claims against him or her. Should the Court determine that the complaint requires clarification in this regard, however, the proper course is to permit plaintiff to amend the complaint. See, e.g., Wormer v. City of Rensselaer, No. 07-1641-cv, 2008 WL 4326525, (2d Cir. Sept. 22, 2008) ("A Rule 8(a)(2) dismissal without leave to amend is rarely warranted.") (citing Salahuddin, supra);. This same analysis applies to plaintiff's conspiracy claim.

Accordingly, the defendant's request for a pre-motion conference should be denied and the case should proceed according to the court's schedule, or in the alternative, the plaintiff should be allowed to amend his complaint.

Respectfully,

*Martin E. Adams*

Martin E. Adams, Esq.

cc:    David L. Posner/McCabe & Mack LLP